# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 2282CV01048

_CHRISTIAN BAEZ_____, Plaintiff(s)

v.

_HARVARD MAINTENANCE, INC._____, Defendant(s)

### SUMMONS

To the above-named Defendant: _HARVARD MAINTENANCE, INC._

You are hereby summoned and required to serve upon _JARED SIMPSON_ plaintiff's attorney, whose address is _100 CONCORD STREET, SUITE 3B, FRAMINGHAM, MA 01702_ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Heidi E. Brieger   Esquire ], at _DEDHAM_ the _28th_ day of _NOVEMBER_____, in the year of our Lord two thousand and _TWENTY-TWO_

_____, Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A true copy Attest
12-5-22
Deputy Sheriff Suffolk County

| | | |
|---|---|---|
| Save as PDF | | Reset |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| Help-Party Information | | COUNTY: Norfolk Superior Court (Dedham) |

| Plaintiff | Christian Baez | Defendant: | Harvard Maintenance, Inc. |
|---|---|---|---|
| ADDRESS: | 32 Sea Street | ADDRESS: | 201 South Biscayne Blvd |
| | Quincy, MA 02170 | | 24th Floor |
| | | | Miami, FL 33131 |
| Plaintiff Attorney: | James W. Simpson, Jr. | Defendant Attorney: | |
| ADDRESS: | 100 Concord Street, Suite 3b | ADDRESS: | |
| | Framingham, MA 01702 | | |
| BBO: | 634344 | BBO: | |

Add Parties | Remove Party

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D13 | Declaratory Judgment | A | ● YES  ○ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?      ○ YES   ○ NO

Is there a class action under Mass. R. Civ. P. 23?      ○ YES   ○ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Defendant misclassified Plaintiff and others are independent contractors, failed to pay proper wages | $100,000 |
| | Total | $100,000 |

Add Claim | Delete Claim

Signature of Attorney/Unrepresented Plaintiff: X   James W. Simpson, Jr.            Date: October 7, 202

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

CERTIFICATION PURSUANT TO SJC RULE 1:18

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                              SUPERIOR COURT DEPT.
                                                         CIVIL ACTION NO.

| | |
|---|---|
| CHRISTIAN BAEZ, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>HARVARD MAINTENANCE, INC.<br><br>　　　　　　　　Defendant, | JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

**I.   INTRODUCTION**

This is a class action brought on behalf of individuals who have performed cleaning services for Defendant, Harvard Maintenance, Inc. (collectively "Defendant") within the Commonwealth of Massachusetts. The above-named plaintiff and others similarly situated individuals have been subjected to a number of systemic violations of law in their relations with the Defendant as described below. The Defendant has improperly misclassified many of its "commercial cleaners" as independent contractors, when they are actually employees entitled to the protections of the wage laws (including timely payment of all wages, minimum wage, and overtime pay), as well as other benefits of employment, such as eligibility for unemployment and

1

workers' compensation and sick leave. In this action, the above-named plaintiff seeks to recover, on his own behalf and on behalf of all similarly situated individuals, compensation for these violations, statutory trebling of damages, and attorneys' fees and costs, as provided for by law.

## II. PARTIES

1. Plaintiff, Christian Baez, is an adult resident of Quincy, Massachusetts, who performed cleaning services for Defendant from approximately 2019 to the present.

2. This is a class action that the above-named plaintiff brings on his own behalf and on behalf of all others similarly situated, namely all other individuals who have performed cleaning services for Defendant in Massachusetts and have been subjected to the legal violations described in this complaint. The class meets all of the requirements of Rule 23 of the Massachusetts Rules of Civil Procedure.

3. Defendant, Harvard Maintenance, Inc.. (hereinafter "Defendant") is a foreign corporation incorporated in the State of Florida and who has submitted a registration to do business within the Commonwealth of Massachusetts. By its own activities and/or those performed through its corporate affiliates, the Defendant has subjected itself to jurisdiction in Massachusetts.

## III. JURISDICTION AND VENUE

4. This Court has original jurisdiction over each of the parties in this action pursuant to M.G.L. c. 212 Section 4. This court has jurisdiction over the subject matter of this action as the amount in controversy is greater than the sum of $50,000.00.

5. Venue is appropriate pursuant to M.G.L. c. 223 Section 1.

## IV. STATEMENT OF FACTS

### A. The Defendants' Misclassification Scheme

6. The Defendant has entered into contracts with more than 50 individuals in Massachusetts for the performance of cleaning work for its customers who negotiate cleaning services accounts with the Defendant. These individuals include the above-named Plaintiff.

7. The Defendant's contract with these individuals is a standard-form "master agreement" establishing the terms of the relationship between the parties. (Exhibit "A")

8. None of the individuals were able to negotiate for different terms and conditions from those appearing in the standard-form master agreements provided by the Defendant.

9. Upon information and belief, the Defendant target individuals with limited fluency in English because they are easily victimized by the Defendant's misrepresentations and other systemic legal violations, as described herein. These individuals are primarily non-English-speaking immigrants.

10. As the Defendant is well aware, the individuals that it targets to sign these agreements do not understand the agreements and are unaware that the agreements purport to waive a number of their legal rights.

11. The Plaintiff and others service a variety of business which has entered into a cleaning contracts with the Defendant.

12. The Plaintiff and others perform cleaning services for the Defendant's customers and have no say in the amount that is charged for their cleaning services. In fact, pursuant to their agreements with the Plaintiff and others, the cleaners are not allowed to solicit any customer of the Defendant or directly compete against the Defendant for the Defendant's customers.

13. The Plaintiff and others perform services which are in the usual course of the Defendant's business. In fact, on its website, the Defendant lists cleaning under its primary services it provides to its customers. (Exhibit "B") Moreover, in filings with the Secretary of the Commonwealth of Massachusetts, the Defendant lists "janitorial services" as the business it is engaged in. (Exhibit "C").

### B. The Defendants' Misclassification of Its Cleaning Workers as Independent Contractors

14. The Defendant purports to classify its cleaning workers as independent contractors. However, these workers are in fact employees, as they do not meet the definition of independent contractors as set forth in Mass. Gen. L. c. 149 § 148B.

15. The cleaning workers perform services within the Defendants' usual course of business, which is to provide cleaning services to customers. The services they provide are essential to the services provided by the Defendant to its customers. The services provided by the Plaintiff and others provide revenue to the Defendant.

16. In addition, the behavioral and financial control manifested over these workers by the Defendant demonstrates that the workers are employees rather than independent contractors.

17. The Defendant instructs the cleaning workers in how to do their work and dictate their performance of the details of their jobs. For example, managers for the Defendant frequently email, text or call the Plaintiff and other individuals during the day or week to instruct them on what areas require special attention, customer complaints, and additional areas that require cleaning. There are cleaning checklists produced by the Defendant which outline which specific areas of the customers' facility are to be cleaned, in what order, and how frequently.

18. The Defendant also requires the Plaintiffs and others to complete reports which are used to monitor the cleaning performed at its customer's locations.

19. Frequently, the Plaintiff and others are required to spend their own money on supplies necessary to complete their cleaning jobs including cleaning chemicals, mops, buckets, vacuum bags. Also, they are often required to spend their own money on trash bags, toilet tissue, paper towels and other items. The workers are not reimbursed for these expenses.

20. Often, the Plaintiff and others are required by managers to complete so called "extra" cleaning tasks at the customer's accounts for which they are not compensated. Such tasks include stripping and waxing floors and other tasks.

21. The cleaning workers generally do not work in an independently established trade, occupation, profession, or business. Instead, as required by their contracts, the cleaning workers perform cleaning services exclusively for the Defendant's clients.

22. Also, the cleaning workers do not represent themselves to the public as being in an independent business to provide cleaning services, and they typically have not invested in an independent business.

23. The Plaintiff and others are required to maintain a minimum amount of liability insurance and workers compensation coverage and pay for same. These expenses would not be required if they were properly classified as employees.

24. The Plaintiff and others cannot negotiate the amount they are paid for their services. They are often presented with take it or leave it proposals to provide cleaning. Often, workers are quoted a price by the Defendant to provide cleaning services only to have it later reduced once the workers begin servicing the accounts.

25. Because of their misclassification by Defendants as independent contractors, these cleaning workers have not received the benefits that inure from the employment relationship under law.

26. For example, Defendants' cleaning workers frequently do not receive the Massachusetts minimum wage for the work they perform after deductions from their pay are made for expenses such as worker's compensation insurance, liability insurance and supplies.

27. Although some of them work more than 40 hours per week (some more than 60 or 70 hours per week), they do not receive one and one-half times their regular rate for hours worked in excess of 40 hours per week.

28. These cleaning workers do not receive pay for their time spent traveling between different accounts during the work day.

29. The Plaintiff and others are paid once a month for their services which is an untimely payment of wages under the Massachusetts Wage Laws.

30. Also, because of the misclassification, Defendant's cleaning workers do not receive unemployment when they lose their jobs, nor do they receive workers' compensation when they are injured on the job unless they have purchased their own policy.

31. The workers also do not receive any paid time off or sick time which they would be entitled to under Massachusetts Law.

## CLASS ALLEGATIONS

32. The Plaintiff seeks to represent a Class of similarly situated individuals.

33. The Class members are so numerous that joinder of all their members would be impracticable. On information and belief, over the relevant period, more than 60 individuals would be part of the class.

34. Defendant engages in a common course of conduct that violated the legal rights of the Plaintiff and the Class members. There are numerous material questions of law or fact common to the Class that will necessarily dominate the Court's analysis of Plaintiff's claims, including, primarily whether the Defendant mis-classified the Plaintiffs as independent contractors, made unlawful deductions from their pay and shifted the cost of doing business on the Plaintiff and other cleaners.

35. The Plaintiff's claims are typical of the claims belonging to absent Class members. The Plaintiff and the absent Class members are similarly-situated employees who performed the same work under the same conditions, were improperly classified as independent contractors, had improper deductions taken out of their pay and were forced to incur expenses related to the Defendant's operation of its business and, as a result, suffered the same type of harm.

36. The Plaintiff will fairly and adequately assert and protect the interests of absent Class members. The Plaintiffs are familiar with the facts that form the bases of the Class members' claims.

37. The Plaintiffs have retained competent and experienced Class action counsel who intend to prosecute this action vigorously. Plaintiffs' counsel have successfully prosecuted many complex Class actions, including wage and hour class actions, and will fairly and adequately protect the interests of the absent Class members; and

38. Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy. Common questions of law or fact predominate over any questions affecting only individual members, as the Plaintiffs seeks to remedy a shared legal grievance (e.g., non-payment of wages, improper

deductions) and shared harm (e.g., unpaid wages and employment benefits) on behalf of a Class of similarly-situated employees.

39. The class action device is superior to other available means for the fair and efficient adjudication of the Plaintiff's claims. The relief sought by individual Class members is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the Defendant's conduct. Individual litigation of the legal and factual issues raised by the Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a Class action would permit the efficient supervision of the Class' claims, give rise to numerous economies of scale for the Court and for the parties, and result in a binding and uniform adjudication on each issue for every party.

40. The Plaintiffs seeks certification of a class of all similarly situated employees who worked for the Defendant in Massachusetts at any time within the three (3) years of the commencement of this action up through the time of judgment, or such other times as determined by the Court.

41. The Plaintiff and others perform services which is integral to the business of the Defendant; ie, they perform cleaning services and the Defendant is engaged in the business of performing cleaning services for its customers.

42. The Plaintiff has sought and received permission to proceed with a private right of action from the Massachusetts Attorney General.

## COUNT I

### (Violation of Massachusetts Independent Contractor Law)

The Defendant's misclassification of its cleaning workers as independent contractors instead of employees violates Mass. Gen. Laws c. 149 § 148B. This claim is asserted pursuant to Mass. Gen. Laws c. 149 § 150.

## COUNT II

### (Wage Law Violations)

The Defendant's misclassification of its cleaning workers as independent contractors has deprived them of the protections of the Massachusetts wage laws, including guaranteed minimum wage, overtime pay, and timely payments of all wages owed, payment of workers compensation and liability insurance and payment of supplies, in violation of Mass. Gen. L. c. 151 § 1, and Mass. Gen. L. c 151. §§ 1A and 1B, and Mass. Gen. L. c. 149 § 148.

## JURY DEMAND

Plaintiff requests a trial by jury on all their claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action;

2. Injunctive relief, requiring Defendant to cease its illegal practices;

3. Rescission of the written contracts between Defendant and the plaintiffs and class members, in whole or in part;

4. Restitution for all wages and other employment-related benefits that are owed to plaintiffs and class members as described above;

5. All other damages to which the plaintiffs and class members may be entitled under the above-referenced statutes and common law;

6. Statutory trebling of all wage-related damages and all damages attributable to Defendant; and

7. Any other relief to which the plaintiffs and class members may be entitled.

Respectfully submitted,
The Plaintiff, Christian Baez, and all others similarly situated,
By his attorney,

/S/ James W. Simpson, Jr.
James W. Simpson, Jr. BBO#634344
100 Concord Street, Suite 3b
Framingham, MA 01702
(508) 872-0002
Jwsimpson11@verizon.net


Dated:  October 6, 2022

# EXHIBIT A



## ALLIANCE SERVICE PARTNER
## "MASTER AGREEMENT"

This Agreement is made and entered into on by and between Harvard Maintenance, Inc. (the "Company") and MG Cleaning Services (known as "Alliance Service Partner" or "ASP") and is effective as of September 9, 2019 (the "Effective Date").

WHEREAS, The Company desires to retain Alliance Service Partner to assist the Company and to perform certain janitorial contract duties (hereinafter referred to as "Contract Duties") for the Company;

WHEREAS, ASP, in turn, desires to perform such Contract Duties, all as and pursuant to the provisions of this Agreement;

WHEREAS, ASP is skilled in the performance of the Contract Duties (identified below) and has offered to perform the Contract Duties with respect to certain site(s) (the "Property" or "Building"); and

WHEREAS, ASP acknowledges the Property is owned by an individual, individuals, entity or entities (referred herein as "Owner") and is, or in the future may be, managed in all or part by a third-party manager or management company (referred herein as "Manager").

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements of the parties, including but not limited to the Company's retention of ASP, and disclosure to ASP of certain of the Company's confidential and proprietary information, it is agreed as follows:

1. **Term of Agreement**

The initial term of this Agreement (the "Initial Term") shall commence as of the Effective Date and shall continue through the end of the day immediately preceding the second (2nd) anniversary date of this Agreement unless sooner terminated pursuant to the terms of this Agreement. After the Initial Term, this Agreement shall continue for successive periods of one year each (each, an "Extension Period") unless the Company delivers notice thereof to ASP on or prior to ten (10) days, or the ASP delivers notice thereof to Company on or prior to sixty (60) days, before the expiration of the Initial Term or the current Extension Period, as the case may be (the Initial Term, as it may be so extended, the "Term"). .

2. **Contractual Duties**

2.1 Duties. During the Term of this Agreement, ASP shall timely and fully perform all of the Contract Duties set forth in **Exhibit A**, as may be amended by written amendments (including, but not limited to, work orders and work tickets) signed by both parties. ASP shall use its best efforts and abilities to perform the Contract Duties. The Company may, from time to time, by providing written notice to ASP, alter, change, add or delete (collectively referred to as "Changes") any of the Contract Duties that ASP is performing for the Company during the Term of this Agreement, by work ticket, work order or otherwise. Any addition to or deletion from the compensation provided pursuant to this Agreement by the Company to the ASP, based upon the Changes caused by the Company will also be contained in the written notice from the Company to ASP.

2.2 Additional Services. From time to time during the term of this Agreement, Company may request ASP to perform services or provide materials that are not set forth in the Contract Duties but are related to the

2

ASP Initials:_____

# EXHIBIT B

  

# Primary Services

Facility and Property Managers face a variety of challenges every day. Those challenges include making sure their environments are clean and healthy, containing costs, and ensuring that their business practices are sustainable and environmentally responsible. Harvard has broad-based capabilities to meets your specific facility maintenance needs, regardless of how varied or challenging. Our solutions ensure your facility is kept in peak condition. As one of the premier providers of managed services in the country, we welcome the opportunity to help you achieve your facility maintenance goals.

| Cleaning for Wellness | Day Cleaning |
| Ancillary Services | Education CleanCampus |

# Markets Served

# EXHIBIT C



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

Minimum Fee: $100.00

## Annual Report
(General Laws, Chapter 156D, Section 16.22; 950 CMR 113.57)

**Identification Number:** 000674074

**1. Exact name of the corporation:** HARVARD MAINTENANCE, INC.

**2. Jurisdiction of Incorporation:** State: NY   Country: USA

**3,4. Street address of the corporation registered office in the commonwealth and the name of the registered agent at that office:**

Name: UNITED CORPORATE SERVICES, INC.
No. and Street: 44 SCHOOL STREET SUITE 505
City or Town: BOSTON   State: MA   Zip: 02108   Country: USA

**5. Street address of the corporation's principal office:**

No. and Street: 201 SOUTH BISCAYNE BLVD. 24TH FLOOR
City or Town: MIAMI   State: FL   Zip: 33131   Country: USA

**6. Provide the name and business street address of the officers and of all the directors of the corporation:**
*(A president, treasurer, secretary and at least one director are required.)*

| Title | Individual Name (First, Middle, Last, Suffix) | Address (no PO Box) (Address, City or Town, State, Zip Code) |
|---|---|---|
| PRESIDENT | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL MIAMI, FL 33131 USA |
| TREASURER | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL MIAMI, FL 33131 USA |
| SECRETARY | W. CARL DREW | 201 SOUTH BISCAYNE BLVD, 24TH FL MIAMI, FL 33131 USA |
| VICE PRESIDENT | NATHALIE R DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL MIAMI, FL 33131 USA |
| DIRECTOR | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL MIAMI, FL 33131 USA |

**7. Briefly describe the business of the corporation:**

JANITORIAL SERVICES

**8. Capital stock of each class and series:**

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles | Total Issued |
|---|---|---|---|