UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTIAN BAEZ, individually, and
on behalf of all others similarly
situated,

       Plaintiffs,

v.

HARVARD MAINTENANCE, INC.,

       Defendant.

Civ. A. No. 1:22-cv-12199

## STATE COURT RECORD

Pursuant to Local Rule 81.1(a), Defendant Saks & Company LLC respectfully

submit certified or attested copies of all records and proceedings in the state court

and a certified or attested copy of all docket entries in the state court.

Respectfully submitted,

HARVARD MAINTENANCE, INC.,

/s/ Joshua D. Nadreau
Joshua D. Nadreau (BBO No. 688970)
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
Tel: (617) 722-0044
Fax: (617) 532-5899
jnadreau@fisherphillips.com

Its Attorney

Dated: December 29, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua D. Nadreau, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 29, 2022

*/s/ Joshua D. Nadreau*
Joshua D. Nadreau

NORFOLK COUNTY
Docket Report

**2282CV01048 Baez, Christian vs. Harvard Maintenance, Inc.**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Equitable Remedies | **FILE DATE:** | 11/07/2022 |
| **ACTION CODE:** D13 | | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** Declaratory Judgment G.L. c. 231A | | | |
| **CASE DISPOSITION DATE:** 12/27/2022 | | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 12/27/2022 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil D / VC |

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 02/06/2023 | 12/27/2022 |
| Answer | 03/07/2023 | 12/27/2022 |
| Rule 12/19/20 Served By | 03/07/2023 | 12/27/2022 |
| Rule 12/19/20 Filed By | 04/06/2023 | 12/27/2022 |
| Rule 12/19/20 Heard By | 05/08/2023 | 12/27/2022 |
| Rule 15 Served By | 01/01/2024 | 12/27/2022 |
| Rule 15 Filed By | 01/31/2024 | 12/27/2022 |
| Rule 15 Heard By | 01/31/2024 | 12/27/2022 |
| Discovery | 10/28/2024 | 12/27/2022 |
| Rule 56 Served By | 11/26/2024 | 12/27/2022 |
| Rule 56 Filed By | 12/26/2024 | 12/27/2022 |
| Final Pre-Trial Conference | 04/25/2025 | 12/27/2022 |
| Judgment | 11/06/2025 | 12/27/2022 |

## PARTIES

| | | |
|---|---|---|
| **Plaintiff**<br>Baez, Christian | **Attorney**<br>James W Simpson<br>Law Offices of James W. Simpson, Jr., P.C.<br>Law Offices of James W. Simpson, Jr., P.C.<br>100 Concord St<br>Suite 3B<br>Framingham, MA 01702<br>Work Phone (508) 872-0002<br>Added Date: 11/07/2022 | **634344** |
| **Defendant**<br>Harvard Maintenance, Inc.<br>44 School Street<br>Suite 505 Boston<br>Boston, MA 02108 | **Attorney**<br>Joshua D Nadreau<br>Fisher and Phillips, LLP<br>Fisher and Phillips, LLP<br>200 State St 7th Floor<br>Boston, MA 02109<br>Work Phone (617) 722-0044<br>Added Date: 12/27/2022 | **688970** |

**Commonwealth of Massachusetts**
**NORFOLK COUNTY**
**Docket Report**

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|------|-------------------------|----------|------|-----------|---------|
| 11/07/2022 | Civil Filing Fee (per Plaintiff) Receipt: 25823 Date: 11/07/2022 | 240.00 | 240.00 | 0.00 | 0.00 |
| 11/07/2022 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 25823 Date: 11/07/2022 | 20.00 | 20.00 | 0.00 | 0.00 |
| 11/07/2022 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 25823 Date: 11/07/2022 | 15.00 | 15.00 | 0.00 | 0.00 |
| 11/07/2022 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 25823 Date: 11/07/2022 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |

### INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 11/07/2022 | | Attorney appearance<br>On this date James W Simpson, Esq. added for Plaintiff Christian Baez | |
| 11/07/2022 | | Case assigned to:<br>DCM Track A - Average was added on 11/07/2022 | |
| 11/07/2022 | 1 | Original civil complaint filed. | |
| 11/07/2022 | 2 | Civil action cover sheet filed. | |
| 11/07/2022 | | Demand for jury trial entered. | |
| 11/07/2022 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: James W Simpson, Esq. jwsimpson11@verizon.net | |
| 11/27/2022 | | One Trial case reviewed by Clerk, case to remain in the Superior Court.<br><br>Judge: Hickey, Mary K | Hickey |
| 12/20/2022 | 3 | Service Returned for<br>Defendant Harvard Maintenance, Inc.: Service made in hand; to Kendedi Duval, Agent and person in charge at the time of service for Harvard Maintenance, Inc at United Corporation Services, Inc at 44 School Street 505 Boston MA 02108<br><br>Applies To: Harvard Maintenance, Inc. (Defendant) | |
| 12/27/2022 | 4 | Defendant Harvard Maintenance, Inc.'s Notice of Removal (E-filed on 12/26/2022) | |
| 12/27/2022 | | Attorney appearance<br>On this date Joshua D Nadreau, Esq. added for Defendant Harvard Maintenance, Inc. | |
| 12/27/2022 | | Case transferred to another court. | |

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk    12/27/22

**NORFOLK COUNTY**
**Docket Report**

*1. 0*

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO. *22B2CV01048*

| | |
|---|---|
| CHRISTIAN BAEZ, individually, ) | |
| and on behalf of ) | |
| all others similarly situated, ) | |
| ) | JURY TRIAL DEMANDED |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| HARVARD MAINTENANCE, INC. ) | |
| ) | |
| Defendant, ) | |
| ) | |

## CLASS ACTION COMPLAINT

### I.    INTRODUCTION

This is a class action brought on behalf of individuals who have performed cleaning

services for Defendant, Harvard Maintenance, Inc. (collectively "Defendant") within the

Commonwealth of Massachusetts. The above-named plaintiff and others similarly situated

individuals have been subjected to a number of systemic violations of law in their relations with

the Defendant as described below. The Defendant has improperly misclassified many of its

"commercial cleaners" as independent contractors, when they are actually employees entitled to

the protections of the wage laws (including timely payment of all wages, minimum wage, and

overtime pay), as well as other benefits of employment, such as eligibility for unemployment and

1

workers' compensation and sick leave. In this action, the above-named plaintiff seeks to recover, on his own behalf and on behalf of all similarly situated individuals, compensation for these violations, statutory trebling of damages, and attorneys' fees and costs, as provided for by law.

**II.    PARTIES**

1.    Plaintiff, Christian Baez, is an adult resident of Quincy, Massachusetts, who performed cleaning services for Defendant from approximately 2019 to the present.

2.    This is a class action that the above-named plaintiff brings on his own behalf and on behalf of all others similarly situated, namely all other individuals who have performed cleaning services for Defendant in Massachusetts and have been subjected to the legal violations described in this complaint. The class meets all of the requirements of Rule 23 of the Massachusetts Rules of Civil Procedure.

3.    Defendant, Harvard Maintenance, Inc.. (hereinafter "Defendant") is a foreign corporation incorporated in the State of Florida and who has submitted a registration to do business within the Commonwealth of Massachusetts. By its own activities and/or those performed through its corporate affiliates, the Defendant has subjected itself to jurisdiction in Massachusetts.

**III.    JURISDICTION AND VENUE**

4.  This Court has original jurisdiction over each of the parties in this action pursuant to M.G.L. c. 212 Section 4. This court has jurisdiction over the subject matter of this action as the amount in controversy is greater than the sum of $50,000.00.

5.  Venue is appropriate pursuant to M.G.L. c. 223 Section 1.

**IV.    STATEMENT OF FACTS**

**A.              The Defendants' Misclassification Scheme**

2

6.     The Defendant has entered into contracts with more than 50 individuals in Massachusetts for the performance of cleaning work for its customers who negotiate cleaning services accounts with the Defendant. These individuals include the above-named Plaintiff.

7.     The Defendant's contract with these individuals is a standard-form "master agreement" establishing the terms of the relationship between the parties. (Exhibit "A")

8.     None of the individuals were able to negotiate for different terms and conditions from those appearing in the standard-form master agreements provided by the Defendant.

9.     Upon information and belief, the Defendant target individuals with limited fluency in English because they are easily victimized by the Defendant's misrepresentations and other systemic legal violations, as described herein. These individuals are primarily non-English-speaking immigrants.

10.    As the Defendant is well aware, the individuals that it targets to sign these agreements do not understand the agreements and are unaware that the agreements purport to waive a number of their legal rights.

11.    The Plaintiff and others service a variety of business which has entered into a cleaning contracts with the Defendant.

12.    The Plaintiff and others perform cleaning services for the Defendant's customers and have no say in the amount that is charged for their cleaning services. In fact, pursuant to their agreements with the Plaintiff and others, the cleaners are not allowed to solicit any customer of the Defendant or directly compete against the Defendant for the Defendant's customers.

3

13.     The Plaintiff and others perform services which are in the usual course of the Defendant's business.   In fact, on its website, the Defendant lists cleaning under its primary services it provides to its customers.   (Exhibit "B") Moreover, in filings with the Secretary of the Commonwealth of Massachusetts, the Defendant lists "janitorial services" as the business it is engaged in. (Exhibit "C").

**B.     The Defendants' Misclassification of Its Cleaning Workers as Independent Contractors**

14.     The Defendant purports to classify its cleaning workers as independent contractors.   However, these workers are in fact employees, as they do not meet the definition of independent contractors as set forth in Mass. Gen. L. c. 149 § 148B.

15.     The cleaning workers perform services within the Defendants' usual course of business, which is to provide cleaning services to customers.   The services they provide are essential to the services provided by the Defendant to its customers. The services provided by the Plaintiff and others provide revenue to the Defendant.

16.     In addition, the behavioral and financial control manifested over these workers by the Defendant demonstrates that the workers are employees rather than independent contractors.

17.     The Defendant instructs the cleaning workers in how to do their work and dictate their performance of the details of their jobs.   For example, managers for the Defendant frequently email, text or call the Plaintiff and other individuals during the day or week to instruct them on what areas require special attention, customer complaints, and additional areas that require cleaning.   There are cleaning checklists produced by the Defendant which outline which specific areas of the customers' facility are to be cleaned, in what order, and how frequently.

18.     The Defendant also requires the Plaintiffs and others to complete reports which are used to monitor the cleaning performed at its customer's locations.

4

19.     Frequently, the Plaintiff and others are required to spend their own money on supplies necessary to complete their cleaning jobs including cleaning chemicals, mops, buckets, vacuum bags. Also, they are often required to spend their own money on trash bags, toilet tissue, paper towels and other items. The workers are not reimbursed for these expenses.

20.     Often, the Plaintiff and others are required by managers to complete so called "extra" cleaning tasks at the customer's accounts for which they are not compensated. Such tasks include stripping and waxing floors and other tasks.

21.     The cleaning workers generally do not work in an independently established trade, occupation, profession, or business. Instead, as required by their contracts, the cleaning workers perform cleaning services exclusively for the Defendant's clients.

22.     Also, the cleaning workers do not represent themselves to the public as being in an independent business to provide cleaning services, and they typically have not invested in an independent business.

23.     The Plaintiff and others are required to maintain a minimum amount of liability insurance and workers compensation coverage and pay for same. These expenses would not be required if they were properly classified as employees.

24.     The Plaintiff and others cannot negotiate the amount they are paid for their services. They are often presented with take it or leave it proposals to provide cleaning. Often, workers are quoted a price by the Defendant to provide cleaning services only to have it later reduced once the workers begin servicing the accounts.

5

25.     Because of their misclassification by Defendants as independent contractors, these cleaning workers have not received the benefits that inure from the employment relationship under law.

26.     For example, Defendants' cleaning workers frequently do not receive the Massachusetts minimum wage for the work they perform after deductions from their pay are made for expenses such as worker's compensation insurance, liability insurance and supplies.

27.     Although some of them work more than 40 hours per week (some more than 60 or 70 hours per week), they do not receive one and one-half times their regular rate for hours worked in excess of 40 hours per week.

28.     These cleaning workers do not receive pay for their time spent traveling between different accounts during the work day.

29.     The Plaintiff and others are paid once a month for their services which is an untimely payment of wages under the Massachusetts Wage Laws.

30.     Also, because of the misclassification, Defendant's cleaning workers do not receive unemployment when they lose their jobs, nor do they receive workers' compensation when they are injured on the job unless they have purchased their own policy.

31.     The workers also do not receive any paid time off or sick time which they would be entitled to under Massachusetts Law.

## CLASS ALLEGATIONS

32.     The Plaintiff seeks to represent a Class of similarly situated individuals.

33.     The Class members are so numerous that joinder of all their members would be impracticable. On information and belief, over the relevant period, more than 60 individuals would be part of the class.

6

34. Defendant engages in a common course of conduct that violated the legal rights of the Plaintiff and the Class members. There are numerous material questions of law or fact common to the Class that will necessarily dominate the Court's analysis of Plaintiff's claims, including, primarily whether the Defendant mis-classified the Plaintiffs as independent contractors, made unlawful deductions from their pay and shifted the cost of doing business on the Plaintiff and other cleaners.

35. The Plaintiff's claims are typical of the claims belonging to absent Class members. The Plaintiff and the absent Class members are similarly-situated employees who performed the same work under the same conditions, were improperly classified as independent contractors, had improper deductions taken out of their pay and were forced to incur expenses related to the Defendant's operation of its business and, as a result, suffered the same type of harm.

36. The Plaintiff will fairly and adequately assert and protect the interests of absent Class members. The Plaintiffs are familiar with the facts that form the bases of the Class members' claims.

37. The Plaintiffs have retained competent and experienced Class action counsel who intend to prosecute this action vigorously. Plaintiffs' counsel have successfully prosecuted many complex Class actions, including wage and hour class actions, and will fairly and adequately protect the interests of the absent Class members; and

38. Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy. Common questions of law or fact predominate over any questions affecting only individual members, as the Plaintiffs seeks to remedy a shared legal grievance (e.g., non-payment of wages, improper

7

deductions) and shared harm (e.g., unpaid wages and employment benefits) on behalf of a
Class of similarly-situated employees.

39.   The class action device is superior to other available means for the fair and efficient
      adjudication of the Plaintiff's claims.  The relief sought by individual Class members is
      small given the burden and expense of individual prosecution of the potentially extensive
      litigation necessitated by the Defendant's conduct.  Individual litigation of the legal and
      factual issues raised by the Defendant's conduct would cause unavoidable delay, a
      significant duplication of efforts, and an extreme waste of resources.  Alternatively,
      proceeding by way of a Class action would permit the efficient supervision of the Class'
      claims, give rise to numerous economies of scale for the Court and for the parties, and
      result in a binding and uniform adjudication on each issue for every party.

40.   The Plaintiffs seeks certification of a class of all similarly situated employees who
      worked for the Defendant in Massachusetts at any time within the three (3) years of the
      commencement of this action up through the time of judgment, or such other times as
      determined by the Court.

41.   The Plaintiff and others perform services which is integral to the business of the
      Defendant; ie, they perform cleaning services and the Defendant is engaged in the
      business of performing cleaning services for its customers.

42.   The Plaintiff has sought and received permission to proceed with a private right of action
      from the Massachusetts Attorney General.

8

## COUNT I

### (Violation of Massachusetts Independent Contractor Law)

The Defendant's misclassification of its cleaning workers as independent contractors instead of employees violates Mass. Gen. Laws c. 149 § 148B.  This claim is asserted pursuant to Mass. Gen. Laws c. 149 § 150.

## COUNT II

### (Wage Law Violations)

The Defendant's misclassification of its cleaning workers as independent contractors has deprived them of the protections of the Massachusetts wage laws, including guaranteed minimum wage, overtime pay, and timely payments of all wages owed, payment of workers compensation and liability insurance and payment of supplies, in violation of Mass. Gen. L. c. 151 § 1, and Mass. Gen. L. c 151. §§ 1A and 1B, and Mass. Gen. L. c. 149  § 148.

## JURY DEMAND

Plaintiff requests a trial by jury on all their claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action;

2. Injunctive relief, requiring Defendant to cease its illegal practices;

3. Rescission of the written contracts between Defendant and the plaintiffs and class members, in whole or in part;

4. Restitution for all wages and other employment-related benefits that are owed to plaintiffs and class members as described above;

5. All other damages to which the plaintiffs and class members may be entitled under the above-referenced statutes and common law;

6. Statutory trebling of all wage-related damages and all damages attributable to Defendant; and

7. Any other relief to which the plaintiffs and class members may be entitled.

Respectfully submitted,
The Plaintiff, Christian Baez, and all others similarly situated,
By his attorney,

/S/ James W. Simpson, Jr.
James W. Simpson, Jr. BBO#634344
100 Concord Street, Suite 3b
Framingham, MA 01702
(508) 872-0002
Jwsimpson11@verizon.net

Dated: October 6, 2022

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE
Deputy Assistant Clerk
12/27/22

EXHIBIT A



## ALLIANCE SERVICE PARTNER
## "MASTER AGREEMENT"

This Agreement is made and entered into on by and between Harvard Maintenance, Inc. (the "Company") and MG Cleaning Services (known as "Alliance Service Partner" or "ASP") and is effective as of September 9, 2019 (the "Effective Date").

WHEREAS, The Company desires to retain Alliance Service Partner to assist the Company and to perform certain janitorial contract duties (hereinafter referred to as "Contract Duties") for the Company;

WHEREAS, ASP, in turn, desires to perform such Contract Duties, all as and pursuant to the provisions of this Agreement;

WHEREAS, ASP is skilled in the performance of the Contract Duties (identified below) and has offered to perform the Contract Duties with respect to certain site(s) (the "Property" or "Building"); and

WHEREAS, ASP acknowledges the Property is owned by an individual, individuals, entity or entities (referred herein as "Owner") and is, or in the future may be, managed in all or part by a third-party manager or management company (referred herein as "Manager").

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements of the parties, including but not limited to the Company's retention of ASP, and disclosure to ASP of certain of the Company's confidential and proprietary information, it is agreed as follows:

1.    **Term of Agreement**

The initial term of this Agreement (the "Initial Term") shall commence as of the Effective Date and shall continue through the end of the day immediately preceding the second (2nd) anniversary date of this Agreement unless sooner terminated pursuant to the terms of this Agreement. After the Initial Term, this Agreement shall continue for successive periods of one year each (each, an "Extension Period") unless the Company delivers notice thereof to ASP on or prior to ten (10) days, or the ASP delivers notice thereof to Company on or prior to sixty (60) days, before the expiration of the Initial Term or the current Extension Period, as the case may be (the Initial Term, as it may be so extended, the "Term").  .

2.    **Contractual Duties**

2.1    Duties.  During the Term of this Agreement, ASP shall timely and fully perform all of the Contract Duties set forth in **Exhibit A**, as may be amended by written amendments (including, but not limited to, work orders and work tickets) signed by both parties. ASP shall use its best efforts and abilities to perform the Contract Duties. The Company may, from time to time, by providing written notice to ASP, alter, change, add or delete (collectively referred to as "Changes") any of the Contract Duties that ASP is performing for the Company during the Term of this Agreement, by work ticket, work order or otherwise. Any addition to or deletion from the compensation provided pursuant to this Agreement by the Company to the ASP, based upon the Changes caused by the Company will also be contained in the written notice from the Company to ASP.

2.2    Additional Services.  From time to time during the term of this Agreement, Company may request ASP to perform services or provide materials that are not set forth in the Contract Duties but are related to the

2

ASP Initials:_____

# EXHIBIT B

 

# Primary Services

Facility and Property Managers face a variety of challenges every day. Those challenges include making sure their environments are clean and healthy, containing costs, and ensuring that their business practices are sustainable and environmentally responsible. Harvard has broad-based capabilities to meets your specific facility maintenance needs, regardless of how varied or challenging. Our solutions ensure your facility is kept in peak condition. As one of the premier providers of managed services in the country, we welcome the opportunity to help you achieve your facility maintenance goals.

| Cleaning for Wellness | Day Cleaning |

| Ancillary Services | Education CleanCampus |

# Markets Served

# EXHIBIT C



**The Commonwealth of Massachusetts**
**William Francis Galvin**

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

Minimum Fee: **$100.00**

## Annual Report
(General Laws, Chapter 156D, Section 16.22; 950 CMR 113.57)

**Identification Number:** 000674074

**1. Exact name of the corporation:** HARVARD MAINTENANCE, INC.

**2. Jurisdiction of Incorporation:**   State: NY   Country: USA

**3,4. Street address of the corporation registered office in the commonwealth and the name of the registered agent at that office:**

Name:                   UNITED CORPORATE SERVICES, INC.
No. and Street:         44 SCHOOL STREET
                        SUITE 505
City or Town:   BOSTON        State: MA        Zip: 02108        Country: USA

**5. Street address of the corporation's principal office:**
No. and Street:         201 SOUTH BISCAYNE BLVD.
                        24TH FLOOR
City or Town:   MIAMI        State: FL        Zip: 33131        Country: USA

**6. Provide the name and business street address of the officers and of all the directors of the corporation:**
*(A president, treasurer, secretary and at least one director are required.)*

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| PRESIDENT | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |
| TREASURER | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |
| SECRETARY | W. CARL DREW | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |
| VICE PRESIDENT | NATHALIE R DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |
| DIRECTOR | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |

**7. Briefly describe the business of the corporation:**

JANITORIAL SERVICES

**8. Capital stock of each class and series:**

| Class of Stock | Par Value Per Share<br>Enter 0 if no Par | Total Authorized by Articles | Total Issued<br>and Outstanding |
|---|---|---|---|

| Save as PDF | | | | Reset |

## CIVIL ACTION COVER SHEET

Help—Party Information

**DOCKET NUMBER**
2282WM01048

**Trial Court of Massachusetts**
**The Superior Court**

**COUNTY** Norfolk Superior Court (Dedham)

| Plaintiff | Christian Baez | Defendant: | ⌄ Harvard Maintenance, Inc. |
|---|---|---|---|
| ADDRESS: | 32 Sea Street | ADDRESS: | 201 South Biscayne Blvd |
| Quincy, MA 02170 | | 24th Floor | |
| | | Miami, FL 33131 | |
| **Plaintiff Attorney:** ⌄ James W. Simpson, Jr. | | **Defendant Attorney:** ⌄ | |
| ADDRESS: | 100 Concord Street, Suite 3b | ADDRESS: | |
| Framingham, MA 01702 | | | |
| | | | |
| BBO: | 634344 | BBO: | |

| | Add Parties | Remove Pa |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D13 | Declaratory Judgment | A | ◉ YES ○ NO |

**\*If "Other" please describe:**

Is there a claim under G.L. c. 93A?
○ YES    ○ NO

Is there a class action under Mass. R. Civ. P. 23?
○ YES    ○ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money dam
For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

| | Subtotal (1-5): | **$0.00** |

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk

| | TOTAL (A-F): | **$0.00** |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Defendant misclassified Plaintiff and others are independent contractors, failed to pay proper wages | $100,000 |
| | Total | **$100,000** |

| | Add Claim | Delete C |

| Signature of Attorney/Unrepresented Plaintiff: X  James W. Simpson, Jr. | Date: | October 7, 202 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

CERTIFICATION PURSUANT TO S.JC RULE 1:18

3

(TO PLAINTIFF'S ATTORNEY:    PLEASE CIRCLE TYPE OF ACTION INVOLVED:
                            TORT - MOTOR VEHICLE TORT - CONTRACT -
                            EQUITABLE RELIEF - OTHER)

RECEIVED & FILED
2022 DEC 20  AM 11:00
CLERK OF THE COURTS
NORFOLK COUNTY

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 22 82 CV 01048

CHRISTIAN BAEZ _____, *Plaintiff(s)*

v.

HARVARD MAINTENANCE INC. _____, *Defendant(s)*

## SUMMONS

To the above-named Defendant: HARVARD MAINTENANCE INC.

You are hereby summoned and required to serve upon JAMES SIMPSON
plaintiff's attorney, whose address is 100 CONCORD Shut, SUITES, FRAMINGHAM MA 01702
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS, Heidi E. Brieger    Esquire  }, at DEDHAM     the 27th

day of NOVEMBER _____, in the year of our Lord two thousand and TWENTY-TWO

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE
_____
Deputy Assistant Clerk  12/27/22

_____ Clerk.
Walter G. Dimitty

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................., 20        , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

........................................................................



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

**December 6, 2022**

**I hereby certify and return that on 12/5/2022 at 9:30 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Exhibits in this action in the following manner: To wit, by delivering in hand to Kennedi Duval,  agent and person in charge at the time of service for Harvard Maintenance Inc., at United Corporate Services, Inc 44 School Street Suite 505 Boston, MA 02108 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.60) Postage and Handling ($1.00) Travel ($6.40) Total: $43.00**

Deputy Sheriff      Joseph Casey

_____

*Deputy Sheriff*

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 22??CV0104??

........................, Plaintiff

v.

........................, Defendant

SUMMONS

(Mass. R. Civ. P.4)

Date Filed 12/26/2022 2:40 PM
Superior Court - Norfolk
Docket Number 2282CV01048

Docketed on 12/27/2022

4

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                        SUPERIOR COURT DEPARTMENT OF
                                    THE TRIAL COURT

---

CHRISTIAN BAEZ, individually, and
on behalf of all others similarly
situated,

        Plaintiffs,

                                        Dkt. 2082-cv-01048

v.

HARVARD MAINTENANCE, INC.,

        Defendant.

---

## NOTICE OF REMOVAL

To:    Civil Clerk's Office                James W. Simpson, Jr., Esq.
       Norfolk County Superior Court       100 Concord Street, Suite 3b
       650 High Street                     Framingham, Massachusetts 01702
       Dedham, MA 02026                    Jwsimpson11@verizon.net

Please take notice that, on December 26, 2022, Defendant Harvard
Maintenance, Inc. removed this civil action to the United States District Court for
the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441, & 1446. A copy of
Harvard Maintenance Inc.'s Notice of Removal is attached hereto as Exhibit 1.

Respectfully submitted,

HARVARD MAINTENANCE, INC.,

*/s/ Joshua D. Nadreau*
Joshua D. Nadreau (BBO No. 688970)
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
Tel: (617) 722-0044
Fax: (617) 532-5899
jnadreau@fisherphillips.com

Its Attorney

Dated: December 26, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was emailed to the following

counsel of record and parties of interest on this date.

James W. Simpson, Jr., Esq.
100 Concord Street, Suite 3b
Framingham, Massachusetts 01702
Jwsimpson11@verizon.net

Dated: December 26, 2022

*/s/ Joshua D. Nadreau*
Joshua D. Nadreau

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
Deputy Assistant Clerk
12/27/22

# Exhibit 1

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 29 of 55
Superior Court - Norfolk
Docket Number 2282CV01048       Case 1:22-cv-12199   Document 1   Filed 12/26/22   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTIAN BAEZ, individually, and
on behalf of all others similarly
situated,

   Plaintiffs,

v.

HARVARD MAINTENANCE, INC.,

   Defendant.

Civ. A. No. 1:22-cv-12199

## NOTICE OF REMOVAL

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendant Harvard Maintenance, Inc. hereby notices its removal of this action, which Plaintiff commenced against it in the Superior Court for the Commonwealth of Massachusetts, Norfolk County, captioned *Christian Baez, et al. v. Harvard Maintenance, Inc.*, Civil Docket No. 2082-cv-01048 (the "State Court Action"), to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

1. Defendant Harvard Maintenance, Inc. has attached hereto as Exhibit A copies of the Summons, Civil Action Cover Sheet, and Complaint, which constitutes all process, pleadings, and orders that Defendant received or of which it is aware. *See* 28 U.S.C. § 1446(a).

2. This Court has subject matter jurisdiction over this action because this is a civil action in which complete diversity of citizenship exists between Plaintiff and

Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

3.     This Court is the District Court of the United States for the district embracing the place where the State Court Action is pending and, accordingly, is the appropriate court for removal. *See* 28 U.S.C. § 1441(a).

4.     According to his Complaint, and upon information and belief, Plaintiff is a citizen of the Commonwealth of Massachusetts, domiciled in Quincy, Massachusetts.

5.     Defendant Harvard Maintenance, Inc. is a New York corporation with a principal place of business in Miami, Florida.

6.     Diversity of citizenship existed between the parties at the time Plaintiff filed his Complaint and continues to exist to date.

7.     In his Complaint, Plaintiff claims that Defendant violated chapter 149, §§ 148, 148B, and 150, and chapter 151 §§ 1, 1A, and 1B of the Massachusetts General Laws by allegedly misclassifying Plaintiff as an independent contractor and allegedly failing to pay Plaintiff minimum wage and overtime. Plaintiff claims he is entitled to $100,000 as a result of the alleged "fail[ure] pay proper wages" *See* Ex. A, State Court Civil Action Cover Sheet.

8.     Plaintiff's attorney's fees are also counted towards the amount-in-controversy requirement because an award of attorneys' fees is mandatory under M.G.L. c. 149, § 148 should Plaintiff prevail on his claims. *See, e.g., Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001). This includes a reasonable estimate of

2

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 31 of 55
Superior Court - Norfolk
Docket Number 2282CV01048      Case 1:22-cv-12199   Document 1   Filed 12/26/22   Page 3 of 4

fees not yet incurred, but likely to be incurred through the duration of the litigation. *See Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010).

9.    Accordingly, this matter clearly satisfies the "amount in controversy" requirement in diversity of citizenship matters, as if Plaintiff's damages are as claimed, the total would equal $100,000, before any attorneys' fees are considered. *See* 28 U.S.C. § 1332(a).

10.    Defendant Harvard Maintenance, Inc. will file a copy of this Notice of Removal in the State Court Action. *See* 28 U.S.C. § 1446(d).

11.    Defendant will file a certified or attested copy of all records and proceedings and all docket entries filed in the State Court Action within 28 days. *See* Loc. R. Civ. P. 81.1.

12.    By filing this Notice of Removal, Defendant does not waive any defenses available to it.

WHEREFORE, Defendant Harvard Maintenance, Inc. respectfully requests that this matter proceed as an action properly removed to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts, Norfolk County.

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5    Filed 12/29/22   Page 32 of 55
Superior Court - Norfolk
Docket Number 2282CV01048        Case 1:22-cv-12199   Document 1   Filed 12/26/22   Page 4 of 4

Respectfully submitted,

HARVARD MAINTENANCE, INC.,

*/s/ Joshua D. Nadreau*

Joshua D. Nadreau (BBO No. 688970)
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
Tel: (617) 722-0044
Fax: (617) 532-5899
jnadreau@fisherphillips.com

Its Attorney

Dated: December 26, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was emailed to the following

counsel of record and parties of interest on this date.

James W. Simpson, Jr., Esq.
100 Concord Street, Suite 3b
Framingham, Massachusetts 01702
Jwsimpson11@verizon.net

Dated: December 26, 2022

*/s/ Joshua D. Nadreau*

Joshua D. Nadreau

4

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5    Filed 12/29/22   Page 33 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 1 of 20

# EXHIBIT A

Date Filed 12/26/2022 2:40 PM
Superior Court - Norfolk
Docket Number 2282CV01048

Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 2 of 20

(TO PLAINTIFF'S ATTORNEY:     PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 2282CV01048

CHRISTIAN BAEZ _____ , *Plaintiff(s)*

v.

HARVARD MAINTENANCE INC. , *Defendant(s)*

### SUMMONS

To the above-named Defendant:   HARVARD MAINTENANCE INC.

You are hereby summoned and required to serve upon JARED SIMPSON
plaintiff's attorney, whose address is 100 CONCORD Street, SUIKE5, FRAMINGHAM MA01702
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,  Heidi E. Brieger    Esquire  }, at  DEDHAM     the  28th
day of  NOVEMBER   , in the year of our Lord two thousand and  TWENTY TWO

Walter F. Timilty    Clerk.

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

12 - 5 - 22

Date Filed 12/26/2022 2:40 PM
Superior Court - Norfolk
Docket Number 2282CV01048

| Save as PDF | | | | Reset I |
|---|---|---|---|---|

| **CIVIL ACTION COVER SHEET**<br>[Help-Party Information] | **DOCKET NUMBER** | **Trial Court of Massachusetts**<br>**The Superior Court** | | |
|---|---|---|---|---|
| | | **COUNTY** Norfolk Superior Court (Dedham) | | |

| Plaintiff | Christian Baez | Defendant: | v Harvard Maintenance, Inc. |
|---|---|---|---|
| ADDRESS: | 32 Sea Street | ADDRESS: | 201 South Biscayne Blvd |
| Quincy, MA 02170 | | 24th Floor | |
| | | Miami, FL 33131 | |
| Plaintiff Attorney: | v James W. Simpson, Jr. | Defendant Attorney: v | |
| ADDRESS: | 100 Concord Street, Suite 3b | ADDRESS: | |
| Framingham, MA 01702 | | | |
| BBO: | 634344 | BBO: | |

| | Add Parties | Remove Pa |
|---|---|---|

**TYPE OF ACTION AND TRACK DESIGNATION (see Instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D13 | Declaratory Judgment | A | ◉ YES ○ NO |

**\*If "Other" please describe:**

Is there a claim under G.L. c. 93A?          Is there a class action under Mass. R. Civ. P. 23?
          ○ YES   ○ NO                    ○ YES   ○ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L., c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money dam For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

                                          Subtotal (1-5):          $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

                                          TOTAL (A-F):          $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | | Amount |
|---|---|---|---|
| 1. | Defendant misclassified Plaintiff and others are independent contractors, failed to pay proper wages | | $100,00( |
| | | Total | $100,00( |
| | | Add Claim | Delete C |

| Signature of Attorney/Unrepresented Plaintiff: X  James W. Simpson, Jr. | Date: | October 7, 202 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

CERTIFICATION PURSUANT TO SJC RULE 1-18

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 36 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 4 of 20

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO.

| | |
|---|---|
| CHRISTIAN BAEZ, individually, and on behalf of all others similarly situated, ) ) ) | |
| ) | JURY TRIAL DEMANDED |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| HARVARD MAINTENANCE, INC. ) | |
| ) | |
| Defendant, ) | |
| ) | |

## CLASS ACTION COMPLAINT

### I.    INTRODUCTION

This is a class action brought on behalf of individuals who have performed cleaning services for Defendant, Harvard Maintenance, Inc. (collectively "Defendant") within the Commonwealth of Massachusetts. The above-named plaintiff and others similarly situated individuals have been subjected to a number of systemic violations of law in their relations with the Defendant as described below. The Defendant has improperly misclassified many of its "commercial cleaners" as independent contractors, when they are actually employees entitled to the protections of the wage laws (including timely payment of all wages, minimum wage, and overtime pay), as well as other benefits of employment, such as eligibility for unemployment and

1

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 37 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 5 of 20

workers' compensation and sick leave. In this action, the above-named plaintiff seeks to recover, on his own behalf and on behalf of all similarly situated individuals, compensation for these violations, statutory trebling of damages, and attorneys' fees and costs, as provided for by law.

## II.   PARTIES

1.     Plaintiff, Christian Baez, is an adult resident of Quincy, Massachusetts, who performed cleaning services for Defendant from approximately 2019 to the present.

2.     This is a class action that the above-named plaintiff brings on his own behalf and on behalf of all others similarly situated, namely all other individuals who have performed cleaning services for Defendant in Massachusetts and have been subjected to the legal violations described in this complaint. The class meets all of the requirements of Rule 23 of the Massachusetts Rules of Civil Procedure.

3.     Defendant, Harvard Maintenance, Inc.. (hereinafter "Defendant") is a foreign corporation incorporated in the State of Florida and who has submitted a registration to do business within the Commonwealth of Massachusetts. By its own activities and/or those performed through its corporate affiliates, the Defendant has subjected itself to jurisdiction in Massachusetts.

## III.   JURISDICTION AND VENUE

4.   This Court has original jurisdiction over each of the parties in this action pursuant to M.G.L. c. 212 Section 4. This court has jurisdiction over the subject matter of this action as the amount in controversy is greater than the sum of $50,000.00.

5.   Venue is appropriate pursuant to M.G.L. c. 223 Section 1.

## IV.   STATEMENT OF FACTS

A.                    The Defendants' Misclassification Scheme

2

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 38 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199    Document 1-1    Filed 12/26/22    Page 6 of 20

6.    The Defendant has entered into contracts with more than 50 individuals in Massachusetts for the performance of cleaning work for its customers who negotiate cleaning services accounts with the Defendant. These individuals include the above-named Plaintiff.

7.    The Defendant's contract with these individuals is a standard-form "master agreement" establishing the terms of the relationship between the parties. (Exhibit "A")

8.    None of the individuals were able to negotiate for different terms and conditions from those appearing in the standard-form master agreements provided by the Defendant.

9.    Upon information and belief, the Defendant target individuals with limited fluency in English because they are easily victimized by the Defendant's misrepresentations and other systemic legal violations, as described herein. These individuals are primarily non-English-speaking immigrants.

10.    As the Defendant is well aware, the individuals that it targets to sign these agreements do not understand the agreements and are unaware that the agreements purport to waive a number of their legal rights.

11.    The Plaintiff and others service a variety of business which has entered into a cleaning contracts with the Defendant.

12.    The Plaintiff and others perform cleaning services for the Defendant's customers and have no say in the amount that is charged for their cleaning services. In fact, pursuant to their agreements with the Plaintiff and others, the cleaners are not allowed to solicit any customer of the Defendant or directly compete against the Defendant for the Defendant's customers.

3

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 39 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199    Document 1-1    Filed 12/26/22    Page 7 of 20

13.    The Plaintiff and others perform services which are in the usual course of the
Defendant's business. In fact, on its website, the Defendant lists cleaning under its primary
services it provides to its customers. (Exhibit "B") Moreover, in filings with the Secretary of
the Commonwealth of Massachusetts, the Defendant lists "janitorial services" as the business it
is engaged in. (Exhibit "C").

## B.    The Defendants' Misclassification of Its Cleaning Workers as Independent Contractors

14.    The Defendant purports to classify its cleaning workers as independent
contractors. However, these workers are in fact employees, as they do not meet the definition of
independent contractors as set forth in Mass. Gen. L. c. 149 § 148B.

15.    The cleaning workers perform services within the Defendants' usual course of
business, which is to provide cleaning services to customers. The services they provide are
essential to the services provided by the Defendant to its customers. The services provided by the
Plaintiff and others provide revenue to the Defendant.

16.    In addition, the behavioral and financial control manifested over these workers by
the Defendant demonstrates that the workers are employees rather than independent contractors.

17.    The Defendant instructs the cleaning workers in how to do their work and dictate
their performance of the details of their jobs. For example, managers for the Defendant
frequently email, text or call the Plaintiff and other individuals during the day or week to instruct
them on what areas require special attention, customer complaints, and additional areas that
require cleaning. There are cleaning checklists produced by the Defendant which outline which
specific areas of the customers' facility are to be cleaned, in what order, and how frequently.

18.    The Defendant also requires the Plaintiffs and others to complete reports which
are used to monitor the cleaning performed at its customer's locations.

4

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 40 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199    Document 1-1    Filed 12/26/22    Page 8 of 20

19.    Frequently, the Plaintiff and others are required to spend their own money on supplies necessary to complete their cleaning jobs including cleaning chemicals, mops, buckets, vacuum bags. Also, they are often required to spend their own money on trash bags, toilet tissue, paper towels and other items. The workers are not reimbursed for these expenses.

20.    Often, the Plaintiff and others are required by managers to complete so called "extra" cleaning tasks at the customer's accounts for which they are not compensated. Such tasks include stripping and waxing floors and other tasks.

21.    The cleaning workers generally do not work in an independently established trade, occupation, profession, or business. Instead, as required by their contracts, the cleaning workers perform cleaning services exclusively for the Defendant's clients.

22.    Also, the cleaning workers do not represent themselves to the public as being in an independent business to provide cleaning services, and they typically have not invested in an independent business.

23.    The Plaintiff and others are required to maintain a minimum amount of liability insurance and workers compensation coverage and pay for same. These expenses would not be required if they were properly classified as employees.

24.    The Plaintiff and others cannot negotiate the amount they are paid for their services. They are often presented with take it or leave it proposals to provide cleaning. Often, workers are quoted a price by the Defendant to provide cleaning services only to have it later reduced once the workers begin servicing the accounts.

5

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 41 of 55
Superior Court - Norfolk
Docket Number 2282CV01048     Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 9 of 20

25.     Because of their misclassification by Defendants as independent contractors, these
cleaning workers have not received the benefits that inure from the employment relationship
under law.

26.     For example, Defendants' cleaning workers frequently do not receive the
Massachusetts minimum wage for the work they perform after deductions from their pay are
made for expenses such as worker's compensation insurance, liability insurance and supplies.

27.     Although some of them work more than 40 hours per week (some more than 60 or
70 hours per week), they do not receive one and one-half times their regular rate for hours
worked in excess of 40 hours per week.

28.     These cleaning workers do not receive pay for their time spent traveling between
different accounts during the work day.

29.     The Plaintiff and others are paid once a month for their services which is an
untimely payment of wages under the Massachusetts Wage Laws.

30.     Also, because of the misclassification, Defendant's cleaning workers do not
receive unemployment when they lose their jobs, nor do they receive workers' compensation
when they are injured on the job unless they have purchased their own policy.

31.     The workers also do not receive any paid time off or sick time which they would
be entitled to under Massachusetts Law.

## CLASS ALLEGATIONS

32.     The Plaintiff seeks to represent a Class of similarly situated individuals.

33.     The Class members are so numerous that joinder of all their members would be
        impracticable. On information and belief, over the relevant period, more than 60
        individuals would be part of the class.

6

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 42 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 10 of 20

34.    Defendant engages in a common course of conduct that violated the legal rights of the
       Plaintiff and the Class members. There are numerous material questions of law or fact
       common to the Class that will necessarily dominate the Court's analysis of Plaintiff's
       claims, including, primarily whether the Defendant mis-classified the Plaintiffs as
       independent contractors, made unlawful deductions from their pay and shifted the cost of
       doing business on the Plaintiff and other cleaners.

35.    The Plaintiff's claims are typical of the claims belonging to absent Class members. The
       Plaintiff and the absent Class members are similarly-situated employees who performed
       the same work under the same conditions, were improperly classified as independent
       contractors, had improper deductions taken out of their pay and were forced to incur
       expenses related to the Defendant's operation of its business and, as a result, suffered the
       same type of harm.

36.    The Plaintiff will fairly and adequately assert and protect the interests of absent Class
       members. The Plaintiffs are familiar with the facts that form the bases of the Class
       members' claims.

37.    The Plaintiffs have retained competent and experienced Class action counsel who intend
       to prosecute this action vigorously. Plaintiffs' counsel have successfully prosecuted
       many complex Class actions, including wage and hour class actions, and will fairly and
       adequately protect the interests of the absent Class members; and

38.    Allowing this action to proceed as a class action will provide a fair and efficient method
       for adjudication of the issues presented by this controversy. Common questions of law or
       fact predominate over any questions affecting only individual members, as the Plaintiffs
       seeks to remedy a shared legal grievance (e.g., non-payment of wages, improper

7

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 43 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 11 of 20

deductions) and shared harm (e.g., unpaid wages and employment benefits) on behalf of a Class of similarly-situated employees.

39.   The class action device is superior to other available means for the fair and efficient adjudication of the Plaintiff's claims. The relief sought by individual Class members is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the Defendant's conduct. Individual litigation of the legal and factual issues raised by the Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a Class action would permit the efficient supervision of the Class' claims, give rise to numerous economies of scale for the Court and for the parties, and result in a binding and uniform adjudication on each issue for every party.

40.   The Plaintiffs seeks certification of a class of all similarly situated employees who worked for the Defendant in Massachusetts at any time within the three (3) years of the commencement of this action up through the time of judgment, or such other times as determined by the Court.

41.   The Plaintiff and others perform services which is integral to the business of the Defendant; ie, they perform cleaning services and the Defendant is engaged in the business of performing cleaning services for its customers.

42.   The Plaintiff has sought and received permission to proceed with a private right of action from the Massachusetts Attorney General.

8

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 44 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 12 of 20

## COUNT I

### (Violation of Massachusetts Independent Contractor Law)

The Defendant's misclassification of its cleaning workers as independent contractors instead of employees violates Mass. Gen. Laws c. 149 § 148B. This claim is asserted pursuant to Mass. Gen. Laws c. 149 § 150.

## COUNT II

### (Wage Law Violations)

The Defendant's misclassification of its cleaning workers as independent contractors has deprived them of the protections of the Massachusetts wage laws, including guaranteed minimum wage, overtime pay, and timely payments of all wages owed, payment of workers compensation and liability insurance and payment of supplies, in violation of Mass. Gen. L. c. 151 § 1, and Mass. Gen. L. c 151. §§ 1A and 1B, and Mass. Gen. L. c. 149 § 148.

9

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 45 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 13 of 20

## JURY DEMAND

Plaintiff requests a trial by jury on all their claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1.   Certification of this case as a class action;

2.   Injunctive relief, requiring Defendant to cease its illegal practices;

3.   Rescission of the written contracts between Defendant and the plaintiffs and class members, in whole or in part;

4.   Restitution for all wages and other employment-related benefits that are owed to plaintiffs and class members as described above;

5.   All other damages to which the plaintiffs and class members may be entitled under the above-referenced statutes and common law;

6.   Statutory trebling of all wage-related damages and all damages attributable to Defendant; and

7.   Any other relief to which the plaintiffs and class members may be entitled.

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 46 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 14 of 20

Respectfully submitted,
The Plaintiff, Christian Baez, and all others similarly situated,
By his attorney,

/S/ James W. Simpson, Jr.
James W. Simpson, Jr. BBO#634344
100 Concord Street, Suite 3b
Framingham, MA 01702
(508) 872-0002
Jwsimpson11@verizon.net

Dated: October 6, 2022

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 47 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199    Document 1-1    Filed 12/26/22    Page 15 of 20

# EXHIBIT A

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 48 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199    Document 1-1    Filed 12/26/22    Page 16 of 20



### ALLIANCE SERVICE PARTNER
### "MASTER AGREEMENT"

This Agreement is made and entered into on by and between Harvard Maintenance, Inc. (the "Company") and MG Cleaning Services (known as "Alliance Service Partner" or "ASP") and is effective as of September 9, 2019 (the "Effective Date").

WHEREAS, The Company desires to retain Alliance Service Partner to assist the Company and to perform certain janitorial  contract duties (hereinafter referred to as "Contract Duties") for the Company;

WHEREAS, ASP, in turn, desires to perform such Contract Duties, all as and pursuant to the provisions of this Agreement;

WHEREAS, ASP is skilled in the performance of the Contract Duties (identified below) and has offered to perform the Contract Duties with respect to certain site(s) (the "Property" or "Building"); and

WHEREAS, ASP acknowledges the Property is owned by an individual, individuals, entity or entities (referred herein as "Owner") and is, or in the future may be, managed in all or part by a third-party manager or management company (referred herein as "Manager").

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements of the parties, including but not limited to the Company's retention of ASP, and disclosure to ASP of certain of the Company's confidential and proprietary information, it is agreed as follows:

1.    **Term of Agreement**

The initial term of this Agreement (the "Initial Term") shall commence as of the Effective Date and shall continue through the end of the day immediately preceding the second (2nd) anniversary date of this Agreement unless sooner terminated pursuant to the terms of this Agreement. After the Initial Term, this Agreement shall continue for successive periods of one year each (each, an "Extension Period") unless the Company delivers notice thereof to ASP on or prior to ten (10) days, or the ASP delivers notice thereof to Company on or prior to sixty (60) days, before the expiration of the Initial Term or the current Extension Period, as the case may be (the Initial Term, as it may be so extended, the "Term").  .

2.    **Contractual Duties**

2.1    **Duties.**   During the Term of this Agreement, ASP shall timely and fully perform all of the Contract Duties set forth in **Exhibit A**, as may be amended by written amendments (including, but not limited to, work orders and work tickets) signed by both parties.  ASP shall use its best efforts and abilities to perform the Contract Duties. The Company may, from time to time, by providing written notice to ASP, alter, change, add or delete (collectively referred to as "Changes") any of the Contract Duties that ASP is performing for the Company during the Term of this Agreement, by work ticket, work order or otherwise. Any addition to or deletion from the compensation provided pursuant to this Agreement by the Company to the ASP, based upon the Changes caused by the Company will also be contained in the written notice from the Company to ASP.

2.2    **Additional Services.**   From time to time during the term of this Agreement, Company may request ASP to perform services or provide materials that are not set forth in the Contract Duties but are related to the

2

ASP Initials:_____

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 49 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199    Document 1-1    Filed 12/26/22    Page 17 of 20

# EXHIBIT B

# EXHIBIT C

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 51 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-1   Filed 12/26/22   Page 20 of 20
MA SOC   Filing Number: 202295913700   Date: 1/12/2022 11:28:00 AM



**The Commonwealth of Massachusetts**
**William Francis Galvin**

Minimum Fee: $100.00

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

**Annual Report**
(General Laws, Chapter 156D, Section 16.22; 950 CMR 113.57)

Identification Number: 000674074

1. Exact name of the corporation: HARVARD MAINTENANCE, INC.

2. Jurisdiction of Incorporation:   State: NY   Country: USA

3,4. Street address of the corporation registered office in the commonwealth and the name of the registered agent at that office:

Name:             UNITED CORPORATE SERVICES, INC.
No. and Street:   44 SCHOOL STREET
                  SUITE 505
City or Town:     BOSTON        State: MA       Zip: 02108       Country: USA

5. Street address of the corporation's principal office:
No. and Street:   201 SOUTH BISCAYNE BLVD.
                  24TH FLOOR
City or Town:     MIAMI        State: FL       Zip: 33131       Country: USA

6. Provide the name and business street address of the officers and of all the directors of the corporation:
(A president, treasurer, secretary and at least one director are required.)

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| PRESIDENT | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |
| TREASURER | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |
| SECRETARY | W. CARL DREW | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |
| VICE PRESIDENT | NATHALIE R DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |
| DIRECTOR | STANLEY K DOOBIN | 201 SOUTH BISCAYNE BLVD, 24TH FL<br>MIAMI, FL 33131 USA |

7. Briefly describe the business of the corporation:

JANITORIAL SERVICES

8. Capital stock of each class and series:

| Class of Stock | Par Value Per Share<br>Enter 0 if no Par | Total Authorized by Articles<br>of Organization or Amendments | Total Issued<br>and Outstanding |
|---|---|---|---|

Date Filed 12/26/2022 2:40 PM Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 52 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199-PBS    Document 1-2    Filed 12/26/22    Page 1 of 1

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Christian Baez, et al. | Harvard Maintenance, Inc. |

| **(b)** County of Residence of First Listed Plaintiff    Norfolk, MA<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Miami-Dade, FL<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br><br>James W. Simpson, Jr., 100 Concord Street, Suite 3b<br>Framingham, Massachusetts 01702 508-872-0002 | Attorneys *(If Known)*<br><br>Joshua D. Nadreau, Fisher & Phillips, LLP, 200 State<br>Street, 7th Fl. Boston MA 02109 617-722-0044 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☐ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government<br>Defendant | ☒ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                             and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                         Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>  Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>  (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>  Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | ☒ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☒ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original<br>  Proceeding | ☒ 2 Removed from<br>  State Court | ☐ 3 Remanded from<br>  Appellate Court | ☐ 4 Reinstated or<br>  Reopened | ☐ 5 Transferred from<br>  Another District<br>  *(specify)* | ☐ 6 Multidistrict<br>  Litigation -<br>  Transfer | ☐ 8 Multidistrict<br>  Litigation -<br>  Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Alleged employment misclassification and unpaid wages

| **VII. REQUESTED IN<br>COMPLAINT:** | ☒ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | **DEMAND $**<br>100,000 | CHECK YES only if demanded in complaint.<br>**JURY DEMAND:**    ☒ Yes    ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S)<br>IF ANY** | *(See instructions)*    JUDGE | | DOCKET NUMBER | |
|---|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/26/2022 | /s/ Joshua D. Nadreau |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

Date Filed 12/26/2022 2:40 Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 53 of 55
Superior Court - Norfolk
Docket Number 2282CV01048   Case 1:22-cv-12199   Document 1-3   Filed 12/26/22   Page 1 of 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Christian Baez, et al· v· Harvard Maintenance, Inc·

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]   I.   160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]   II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   [✓]   III.   120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [✓]

   A.   If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Joshua D. Nadreau

ADDRESS Fisher & Phillips, LLP, 200 State Street, 7th Floor, Boston, MA 02109

TELEPHONE NO. 617-722-0044

(CategoryForm11-2020.wpd )

Date Filed 12/26/2022 2:40 Case 1:22-cv-12199-PBS    Document 5    Filed 12/29/22    Page 54 of 55
Superior Court - Norfolk
Docket Number 2282CV01048    Case 1:22-cv-12199    Document 2    Filed 12/26/22    Page 1 of 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTIAN BAEZ, individually, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>HARVARD MAINTENANCE, INC.,<br><br>       Defendant. | Civ. A. No. 1:22-cv-12199 |

## CORPORATE DISCLOSURE STATEMENT

Defendant, Harvard Maintenance, Inc., submits its Corporate Disclosure Statement pursuant to FED. R. CIV. P. 7.1 and Local Rule 7.3. Harvard Maintenance states that it is privately held and there are no publicly held corporations owning 10% or more of its stock.

Respectfully submitted,

HARVARD MAINTENANCE, INC.,

*/s/ Joshua D. Nadreau*
Joshua D. Nadreau (BBO No. 688970)
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
Tel: (617) 722-0044
Fax: (617) 532-5899
jnadreau@fisherphillips.com

Its Attorney

Dated: December 26, 2022

Date Filed 12/26/2022 2:40 PM   Case 1:22-cv-12199-PBS   Document 5   Filed 12/29/22   Page 55 of 55
Superior Court - Norfolk
Docket Number 2282CV01048        Case 1:22-cv-12199   Document 2   Filed 12/26/22   Page 2 of 2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was emailed to the following

counsel of record and parties of interest on this date.

James W. Simpson, Jr., Esq.
100 Concord Street, Suite 3b
Framingham, Massachusetts 01702
Jwsimpson11@verizon.net

Dated: December 26, 2022

*/s/ Joshua D. Nadreau*
Joshua D. Nadreau

2