UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTIAN BAEZ, individually, and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>HARVARD MAINTENANCE, INC.,<br><br>　　　Defendant and Third-Party Plaintiff,<br><br>v.<br><br>MG CLEANING SERVICES, INC.<br><br>　　　Third-Party Defendant. | Civ. A. No. 1:22-cv-12199-PBS |

## THIRD-PARTY COMPLAINT AGAINST MG CLEANING SERVICES, INC.

### PARTIES

1.Harvard Maintenance, Inc. is a New York corporation with a principal place of business in Florida.

2.MG Cleaning Services, Inc. is a Massachusetts corporation with a principal place of business in Wellesley, Massachusetts.

### JURISDICTION & VENUE

3.Jurisdiction in this Court is proper under 28 U.S.C. § 1367.

4.Venue in this Court is proper as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## **FACTS**

5.  In or about August 2019, Harvard Maintenance engaged MG Cleaning Services, Inc. as an Alliance Service Partner ("ASP") pursuant to a "Master Agreement" (the "Agreement") to perform certain janitorial operations for Harvard Maintenance's customers.

6.  Under the Agreement, MG Cleaning Services agreed to, among other things:

a. comply with all applicable federal, state and locality statutes, rules, regulations (including, but not limited to, those related to the employment), agreements and collective bargaining agreements ("Law") in performing the Contract Duties. ASP shall not take, and is not authorized to take, any action in the name of or on behalf of Company, or which would violate any applicable law. If ASP performs any Contract Duties contrary to applicable Law, any additional costs resulting therefrom, including costs of correcting said Contract Duties to comply with such Law and the cost of fully indemnifying Company, Manager and Owner from any liability or expenses with respect to such violations by ASP may be recouped by the Company and/or offset by Company against amounts owing to the ASP.

b. shall comply with all applicable federal, state and local employment laws, including but not limited to all applicable wage and hour labor laws and regulations governing employee compensation, benefits and working hours. ASP will be solely responsible for all matters relating to payment, benefits and hours of ASP Employees, including, without limitation, compliance with workers' compensation, unemployment, disability insurance, social security withholding, federal and state taxes, local occupational taxes, unemployment benefits, any other payment an employer is legally obligated to pay on behalf of its employees and all Laws governing such matters, and ASP shall indemnify Company, Owner and Manager and hold them harmless for the payment and any breach thereof. ASP Employees shall not be entitled to any benefits accruing to Company's, Manager's or Owner's employees. ASP shall pay all ASP Employees' compensation via a check, withholding all applicable federal, state and local taxes and deductions. ASP shall require ASP Employees to properly complete W-4 forms and ASP shall issue W2s in the legally prescribed time period. All payroll records, forms (including, but not limited to, W-4 and W-2 forms) and other documents demonstrating compliance with applicable wage, hour and tax laws shall be maintained by the ASP and are subject to audit at the discretion of the Company. If there (sic) the ASP fails to pay the required wages to ASP Employees, or there

is reason to believe that such payments have not been made (including, but not limited to employee complaints of same), the Company shall have the right to withhold payments to the ASP under this Agreement until the ASP demonstrates that all payments to employees have been made in a legally compliant manner.

7. The parties further agreed that:

a. ASP shall defend, indemnify and hold harmless (i) Company, Owner and Manager and their respective officers, directors, employees, agents, partners, joint ventures, affiliates, successors and assigns and (ii) any other person or entity that the Company is required to defend, indemnify, and hold harmless in connection with ASP's performances of the Services, from and against any and all claims, demands, losses, expenses, damages, liabilities, fines, and penalties (each a "Claim"), whether actual or alleged, arising out of or relating to: (a) ASP's performance of (or failure to perform) the Contract Duties; (b) a breach of this Agreement by ASP or any of its affiliates, subcontractors, agents or employees; (c) any negligence or willful misconduct by ASP or its affiliates, subcontractors, agents or employees; (d) a violation of law; (e) any determination that a relationship, other than that of independent contractor, exists between Company, Owner and/or Manager and ASP and/or its employees or any other employment-based complaint or grievance; (f) contractual claim relating to ASP's performance of Contract Duties; or (g) infringement of any patent, trade secret, trademark, copyright, license, or other proprietary rights, alleged to have occurred because of materials or resources provided by, or any other acts or omissions of, ASP.

The foregoing indemnification shall extend to all legal, defense and investigation costs, and all other reasonable costs, expenses and liabilities incurred by the party indemnified, from and after the time at which the party indemnified receives written or verbal notification that a Claim has been or may be made. The obligations set forth in this Section shall remain in effect regardless of whether ASP maintains or fails to maintain any insurance coverage required hereunder, or self-insures for any liability or any portion thereof, and any self-insured coverage shall be deemed insurance coverage hereunder.

8. On or about October 6, 2022, Plaintiff, Christian Baez, filed suit against Harvard Maintenance in Norfolk County Superior Court on behalf of himself and a putative class alleging employment misclassification and unpaid wages.

9. Plaintiff, Christian Baez, was an employee of MG Cleaning Services, not Harvard Maintenance.

10. On December 27, 2022, Harvard Maintenance tendered its indemnity demand on MG Cleaning Services pursuant to the Agreement via letter.

11. The letter (attached as Exhibit 1) demanded MG Cleaning Services honor its defense and indemnity obligations under the Agreement and "immediately take steps to indemnify Harvard [Maintenance] for all costs, attorney fees and expenses already incurred and that may be incurred in the future by Harvard [Maintenance], including, but not limited to any potential damages or payments to the Plaintiff."

12. MG Cleaning Services has not responded to the December 27, 2022 letter or otherwise honored its defense and indemnity obligations.

13. Harvard Maintenance has incurred and will incur significant expense in its defense of this litigation.

14. To the extent any party is liable to Plaintiff, it is MG Cleaning Services, not Harvard Maintenance.

15. In the event of a dispute under the Agreement, the parties agreed "[t]he party prevailing in such action shall have all of its reasonable costs, fees and expenses (including, without limitation, attorneys' fees) incurred in connection with the controversy, claim or dispute reimbursed by the non-prevailing party.

## COUNT I
**(Breach of Contract)**

16. The allegations contained in paragraphs 1 through 15 are repeated, reasserted, and incorporated herein by reference.

17. Pursuant to the Agreement, MG Cleaning agreed to comply with all applicable federal, state, and local employment laws.

18. To the extent Plaintiff Christian Baez was allegedly misclassified as an independent contractor of MG Cleaning Services, MG Cleaning Services has breached its contract with Harvard Maintenance.

19. Harvard Maintenance has suffered and will suffer damages as a result of MG Cleaning Services' breach of the Agreement.

WHEREFORE, the Defendant/Third-Party Plaintiff, Harvard Maintenance, Inc., demands judgment against the Third-Party Defendant, MG Cleaning Services, Inc., for breach of contract.

## COUNT II
**(Contractual Indemnity)**

20. The allegations contained in paragraphs 1 through 19 are repeated, reasserted, and incorporated herein by reference.

21. Under the Agreement, MG Cleaning Services "shall defend, indemnify, and hold harmless" Harvard Maintenance in connection with MG Cleaning Services' performance of services "from and against any and all claims, demands, losses, expenses, damages, liabilities, fines, and penalties (each a "Claim"), whether actual or alleged. . . ."

22. Harvard Maintenance is entitled to contractual indemnification pursuant to the terms of the Agreement for all sums expended by Harvard Maintenance, including but not limited to, costs, expenses, including reasonable attorneys' fees, as well as all sums that Harvard Maintenance is required to pay or

5

expend in defense of the suit and/or in payment of any judgment and/or settlement of Plaintiff's claims.

WHEREFORE, the Defendant/Third-Party Plaintiff, Harvard Maintenance, Inc., demands judgment against the Third-Party Defendant, MG Cleaning Services, Inc., for contractual indemnity.

## COUNT III
### (Contribution)

23. The allegations contained in paragraphs 1 through 22 are repeated, reasserted, and incorporated herein by reference.

24. The injuries sustained by Plaintiff were the direct and proximate result of the acts and/or omissions of MG Cleaning Services.

25. If Harvard Maintenance is adjudged to be liable to Plaintiff, then MG Cleaning Services must be held jointly liable.

WHEREFORE, the Defendant/Third-Party Plaintiff, Harvard Maintenance, Inc., demands judgment against the Third-Party Defendant MG Cleaning Services, Inc. for contribution, pursuant to M.G.L. c. 231B.

## JURY DEMAND

Harvard Maintenance, Inc. demands a trial by jury on all counts.

## PRAYER

WHEREFORE, Third-Party Plaintiff prays for judgment in its favor against Third-Party Defendant as follows:

   a. For breach of contract;

   b. For contribution;

c. For defense and indemnification;

d. For all damages recovered by Plaintiff, if any;

e. For attorneys' fees, costs, and interest at the maximum allowable rate under applicable law; and

f. For such other and further relief, in law or in equity, as this Court may deem just and proper.

          Respectfully submitted,

          HARVARD MAINTENANCE, INC.,

          */s/ Joshua D. Nadreau*
          Joshua D. Nadreau (BBO No. 688970)
          FISHER & PHILLIPS LLP
          200 State Street, 7th Floor
          Boston, Massachusetts 02109
          Tel: (617) 722-0044
          Fax: (617) 532-5899
          jnadreau@fisherphillips.com

          Its Attorney

Dated: March 3, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing document was filed electronically and served by first class mail, postage prepaid, on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail, at the address below, to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          */s/Joshua D. Nadreau*
          Joshua D. Nadreau